IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERRY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-128 |
| | ) | (VARLAN/GUYTON) |
| BAYER CORPORATION LONG TERM | ) | |
| DISABILITY PLAN and BAYER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 48] of the Honorable Thomas A. Varlan, United States District Judge, for a report and recommendation on the plaintiffs' Revised Motion for Attorney's Fees. [Doc. 44] For the reasons set forth below, the undersigned **RECOMMENDS** that the plaintiff be awarded **$13,520.00** in fees as to the appellate work performed in this matter.

**I.     BACKGROUND**

The plaintiff brought this action on March 18, 2004, alleging violations of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1001, et seq., in relation to the denial of long term disability benefits to the plaintiff. [Doc. 1] On April 27, 2004, the defendants filed their Answer, denying any liability. [Doc. 5] A bench trial was initially scheduled for February 24, 2005 [Doc. 7], but prior to the trial, the parties filed a joint motion to remand the matter for further consideration by the plan administrator. [Doc. 14] The motion to remand was granted and the matter was remanded, subject to application by one of the parties for further review after the

completion of administrative review. [Doc.16]

On November 3, 2005, the plaintiff filed a motion to reopen the case, stating that the plan administrator affirmed its prior denial of the plaintiff's long term disability benefits. [Doc. 17] The case was reopened and a briefing schedule for dispositive motions was established. [Doc. 18] Subsequently, the parties filed their cross motions for judgment on the pleadings [Docs. 22, 23, 24, 25], and their responses to the same. [Docs. 26, 27] The District Court heard argument on the motions on March 22, 2006, and took the matter under advisement. [Doc. 28] On July 31, 2006, the District Court ruled on the motions, granting the plaintiff's motion, denying the defendants' motion, and awarding the plaintiff long term disability benefits. [Docs. 29, 30] The plaintiff then filed a motion for attorney's fees as to the proceedings before the District Court. [Docs. 33, 34, 35] The defendants did not respond to the plaintiff's request, and the District Court subsequently granted the plaintiff's request. [Docs. 38, 39]

The defendant appealed the District Court's ruling on the cross motions for summary judgment to the United States Court of Appeals for the Sixth Circuit. [Doc. 36] The Sixth Circuit subsequently affirmed in part and reversed in part the District Court's ruling. [Doc. 42] Specifically, the Sixth Circuit found that, for the most part, the plaintiff was entitled to benefits, but remanded the matter for the District Court's reconsideration as to the availability of benefits during a short period of time identified by the Sixth Circuit. [Doc. 42] Other than as to the disputed period of time, the Sixth Circuit affirmed the award of benefits. [Id.] The instant motion followed.

II.     ANALYSIS

    A.     **Positions of Parties**

The plaintiff moves the Court, pursuant to 29 U.S.C. § 1132, for an award of fees for

2

Case 3:04-cv-00128   Document 49   Filed 12/02/08   Page 2 of 8   PageID #: 158

attorneys Eric L. Buchanan and Robert Scott Wilson for work performed in relation to the appeal of this matter. [Doc. 44] Plaintiff's counsel seeks to be reimbursed at $287.50 per hour for 41.6 hours. [Doc. 45] The plaintiff also seeks an award of paralegal fees at the rate of $97.50 per hour for 16 hours. [Id.] Thus, as to appellate work on this matter, the plaintiff requests $13, 520.00 in fees. The defendants have not responded to the motion and the time for doing so has passed. See E.D. TN. LR 7.1(a), 7.2.

**B.** **Legal Standard**

As the District Court noted in its previous Order on fees:

> In an action by a plan participant, the district court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party." Id. The Sixth Circuit utilizes the following five factors articulated in Sec'y of Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985) (per curiam) (commonly called the "King factors"):
> 
> (1) The degree of the opposing party's culpability or bad faith;
> 
> (2) The opposing party's ability to satisfy an award of attorney's fees;
> 
> (3) The deterrent effect of an award on other persons under similar circumstances;
> 
> (4) Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> 
> (5) The relative merits of the parties' positions.
> 
> First Trust Corp. v. Bryant, 410 F.3d 842, 851 (6th Cir. 2005). "Because no single factor is determinative, the court must consider each factor before exercising its discretion." Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998) (citation omitted).

[Doc. 38 at pp. 10-11] In addition, the Court notes that ERISA "permits recovery of attorney's fees in connection with both trial court litigation and appellate litigation." Schwartz v. Gregori, 160 F.3d

3

1116, 1119 n. 5 (6th Cir. 1998).

  **C.**  **Application of King Factors**

  **1.**  **Degree of Culpability or Bad Faith**

When determining culpability or bad faith in respect to fees for appellate work, the Court must consider "whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability." Schwartz v. Gregori, 160 F.3d 1116, 1120 (6th Cir. 1998). In the instant case, the Court finds that while the appeal did not rise to the level of bad faith, it does continue to display the same culpability previously found by the District Court. [Doc. 38 at pp. 12-13] Particularly, the Court finds that the defendants' continued insistence that their decision was not arbitrary and capricious, in the face of a record which the Sixth Circuit described as containing "no reliable evidence to support the conclusion that the plaintiff was competent to return to his previous occupation" [Doc. 42 at p. 27], demonstrates the defendants' continued culpability on appeal. However, despite the defendants' continued reliance on their medical experts, the defendants did present good faith arguments on appeal. Thus, the Court finds that this factor weighs marginally in favor of the defendants.

  **2.**  **Opposing Party's Ability to Satisfy an Award of Attorney's Fees**

The District Court previously took judicial notice "of the fact that defendant Bayer is a large, multi-national pharmaceutical company with a nationwide presence." [Id. at p. 13] That fact remains true, and thus Court finds that the defendants' capacity to pay an award of attorneys' fees is not subject to dispute, thus this factor weighs in favor of the plaintiff.

  **3.**  **Deterrent Effect of Award on Other Persons Under Similar Circumstances**

With respect to the third factor, the deterrent effect of an award on other persons under

similar circumstances, the Court finds that this factor weighs in favor of the plaintiff. The Sixth Circuit noted in Schwartz, that "a party contemplating appeal of an unanswered legal question regarding ERISA with general applicability. . . ought not to be deterred for fear of an attorney's fee award." However, in the instant case, the Sixth Circuit summarized the issues before it as "[t]he crux of the dispute between the parties is, therefore, simply whether Bayer's decision to rely on the opinions of experts who merely reviewed medical records, to the exclusion of the opinions offered by treating psychiatrists, amounts to an unreasoned, unsupported determination." [Doc. 42 at p. 17] Thus, the Court finds that the appeal of this matter did not raise any novel questions with general applicability, so there is no fear of establishing inappropriate deterrents. Rather, the Court finds that an award of attorneys fees would properly deter plan administrators from repeating similar mistakes and from appealing such cases in the absence of some other basis for the appeal. Thus, the Court finds that this factor weighs in favor of the plaintiff.

**4.      Conferring a Common Benefit on All ERISA Plan Beneficiaries**

The District Court previously found that "plaintiff sought only LTD benefits for himself and did not seek to confer a benefit upon all Plan participants. Furthermore, this case does not appear to resolve significant legal questions concerning ERISA. Therefore, the court finds this factor does not weigh in plaintiff's favor." [Doc. 38 at p. 14] None of the issues raised on appeal alter that analysis, and the Court again finds that the plaintiff's actions would not confer a common benefit, and thus this factor weighs in favor of the defendants.

**5.      Relative Merits of the Parties' Positions**

The Court finds that, on appeal, the merits of the plaintiff's position greatly outweigh those of the defendants. The Sixth Circuit found strongly for the plaintiff on the majority of the issues

5

before it, remanding only for reconsideration of whether the defendant was disabled under the plan for a short period of time between two other periods of confirmed disability. The Court finds that this factor weighs strongly in favor of the plaintiff.

Accordingly, after analyzing the five factors as they apply to the appeal of the District Court's decision, the Court finds that three of the factors weigh in favor of the plaintiff, and two factors weigh in favor of the defendant. The Court further finds that the balance of the factors falls heavily in favor of the plaintiff. Consequently, an award of fees and costs against the defendants is appropriate.

**D.** **Amount of Attorney Fees**

Having determined that an award of fees is appropriate, the Court must now set a "reasonable" fee. 29. U.S.C. § 1132(g)(1). As the District Court noted in its previous opinion:

> The Supreme Court held in Ensley v. Eckerhart, 461 U.S. 424 (1983), that the "lodestar method" shall be applicable in all federal cases in which Congress has authorized a fee shifting award. The lodestar method provides a two-step approach: the basic lodestar figure calculated by determining the reasonable number of hours spent multiplied by a reasonable hourly rate; and the basic lodestar figure may be subject to upward or downward adjustments as warranted by the particular circumstances of the case.

[Doc. 38 at pp. 18-19]

As to the appeal, the plaintiff requests 41.6 hours to be compensated at a rate of $287.50 per hour, i.e., $11,960. The plaintiff also claims 16.0 hours of paralegal time to be compensated at a rate of $97.50 per hour, i.e., $1,560. Thus, the plaintiff's total request as to the appeal comes to $13,520.00. In deriving the hourly rate requested, attorney Buchanan states that at the time when this case was initiated, he charged $200 per hour of attorney work and $75 per hour of paralegal work. However, attorney Buchanan states that his hourly rates have since increased, and that he

6

currently charges $375 per hour for attorney work and $120 per hour for paralegal work. Attorney Buchanan states that he reached the requested rates of $287.50 per hour of attorney work and $97.50 per hour of paralegal work by taking the average of his previous rates and current rates.

In support of his request, attorney Buchanan has filed a declaration setting forth the qualifications for the attorneys involved, as well as a detailed description of the services rendered, the date performed, and the time spent on each task. The Court has carefully reviewed these records and finds that the amount of time spent on this appeal by plaintiff's counsel is reasonable and necessary.

In determining a reasonable hourly rate, the Court must initially examine the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Courts in this district have previously ruled that an hourly rate of $250.00 is reasonable for this market. Hance v. Norfolk Southern Railway Co., No. 3:04-CV-160, slip op. at 18 (E.D. Tenn. Sept. 21, 2007); Killian v. Yorozu Automotive Tennessee, Inc., No. 4:02-CV-39, slip op. at 4-5 (E.D. Tenn. Oct. 6, 2006). However, courts also recognize that rates change over time, Hawkins-Dean v. Metro. Life Ins. Co., No. 2:03-cv-01115 ER, 2007 U.S. Dist. LEXIS 73291, at *4 (C.D. Cal. Sept. 18, 2007), and the Court finds that the requested rates of $287.50 per hour of attorney work and $97.50 per hour of paralegal work are reasonable for the practice of law in the Eastern District of Tennessee by attorneys of similar levels of experience.

Finally, the Court finds that an award of fees at the hourly rate of $287.50 for 41.6 hours of attorney work and an hourly rate of $97.50 for 16.0 hours of paralegal work provides a reasonable fee award that is adequately compensatory and yet avoids producing a windfall. Accordingly, the Court **RECOMMENDS** that plaintiff's counsel be reimbursed for the time requested and at the rate

requested.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED**[1] that the plaintiff's motion for attorney's fees [Doc. 44] be **GRANTED**, and that the plaintiff be awarded fees as to the reasonable work of plaintiff's counsel for 41.6 hours at $287.50 per hour for attorney work, and for 16.0 hours at $97.50 for paralegal work, for a total award as to the appeal of this matter of $13,520.00.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).